**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| |
|---|
| Domingo Tot Quip,<br><br>               Petitioner,<br><br>      v.<br><br>David Wesling<br>Immigration and Customs Enforcement,<br>Field Office Director, et al,<br><br>               Respondents. |

Civil Action No. 1:26-cv-10361-MJJ

**DECLARATION OF**
**ACTING ASSISTANT FIELD OFFICE DIRECTOR BRIAN E. SULLIVAN**

Pursuant to the authority of 28 U.S.C. § 1746, I, Brian E. Sullivan, Acting Assistant Field Office Director for U.S. Department of Homeland Security, United States Immigration and Customs Enforcement, Enforcement and Removal Operations, Burlington, Massachusetts, declare as follows:

1. I am employed by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), as an Acting Assistant Field Office Director ("(A)AFOD") located in Burlington, Massachusetts. I have held this position since February 2026, and I have been employed by ICE since March 2009.

2. As (A)AFOD, my official duties include overseeing the management, monitoring, scheduling, and execution of removal orders for noncitizens in ICE custody whose cases involve federal litigation. This entails ensuring compliance with court orders, legal

1

mandates, and applicable policies while coordinating with agency counsel and the Department of Justice to address litigation-related requirements.

3. I have experience utilizing ICE record systems to obtain information regarding specific aliens. ICE maintains electronic and paper records on noncitizens. These records are made in the course of regularly conducted business activity at or near the time of relevant events by a person with knowledge of these events. In preparing this declaration, I have examined ICE official records, not limited to, but including the Enforce Alien Removal Module ("EARM"). EARM is an electronic database ordinarily relied upon to ascertain an alien's immigration history, current case status, and plans for removal, if any.

4. While preparing this declaration, I have examined the official records available to me regarding the immigration history and custody status of Domingo Tot Quip ("Petitioner").

5. On or about January 27, 2026, at 8:54 a.m. EST, the U.S. Attorney's Office e-mailed the Petition and Order of the U.S. District Court of Massachusetts to ICE Enforcement and Removal Operations ("ERO").

6. On or about January 27, 2026, at 4:37 p.m. EST, ICE Enforcement and Removal Operations ("ERO") requested further information, such as the Alien Number (A#) for the Petitioner. ICE was unable to identify the Petitioner based only on the name and date of birth provided in the Petition. ICE was notified from the U.S. Attorney's Office that Petitioner's counsel did not have additional identifying information for this individual.

7. Between January 27, 2026, and February 6, 2026, ICE made numerous attempts to identify the correct Petitioner but was unable to identify the Petitioner based on the information provided by his attorney. However, there was one individual (Subject A),[1] who had a

---

[1] Name and other personally identifiable information ("PII") for Subject A cannot be provided due to privacy and confidentiality rules.

different last name but the same date of birth, arrest date, and country of nationality. Subject A had a final removal order and was removed from the United States.

8. ICE requested that the Petitioner's counsel provide a photograph of the Petitioner because ICE was unable to identify Petitioner's identity using the information it had. Thereafter, Petitioner's counsel provided ICE a photograph.

9. On or about February 6, 2026, I reviewed the photograph of Petitioner that was provided and, after investigating and reviewing ICE databases and records, determined that Petitioner and Subject A were not the same person because Petitioner and Subject A had two separate Federal Identification Numbers ("FINS") and two separate Federal Bureau of Investigation ("FBI") numbers.

10. In ICE's databases, it appeared that Petitioner's identity was conflated with the identity of Subject A. As a result, ICE processed Petitioner under Subject A's identity and inadvertently determined that Petitioner had a final removal order, when he did not have a final removal order.

11. Immediately upon discovering this inadvertent removal, I initiated the process for returning Petitioner to the United States. To facilitate the return to the United States, ICE intends to extend a grant of parole to Petitioner to allow him to enter into the United States, if he wants to return to the United States. The approval process for a grant of parole requires additional information, such as his passport number and where Petitioner intends to reside in the United States, to complete the required documents and associated application to grant the benefit. This process requires that Petitioner be located in Guatemala and provide the additional information to complete the application.

12. Upon correctly identifying Petitioner, I reviewed ICE's database concerning the correct information about Petitioner's immigration history. On January 23, 2026, ICE transferred Petitioner to Alexandria, Louisiana to stage him for removal. Petitioner departed from the Lawrence F. Hanscom Field Airport in Bedford, Massachusetts at approximately 2:12 p.m. EST on January 23, 2026, on an ICE-contracted flight to Louisiana. Petitioner's flight arrived in Louisiana at approximately 6:02 p.m. CST.

13. On January 28, 2026, ICE removed Petitioner to Guatemala. The ICE-contracted removal flight departed Alexandria, Louisiana, at approximately 11:14 a.m. CST on January 28, 2026, and arrived in Guatemala at 1:49 p.m. CST that same day.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Signed on the 6th of February 2026.

BRIAN E
SULLIVAN

Digitally signed by BRIAN E
SULLIVAN
Date: 2026.02.06 16:34:54
-05'00'

Brian E. Sullivan
Acting Assistant Field Office Director
U.S. Department of Homeland Security
United States Immigration and Customs Enforcement
Burlington, Massachusetts