**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| DOMINGO TOT QUIP,<br><br>　　　　Petitioner,<br><br>　　　　v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IOMMIGRATION AND CUSTOMS ENFORCEMENT ("ICE"); DAVID WESLING, Acting Boston Field Office Director, Immigration and Customs Enforcement, Enforcement Removal Operation ("ICE/ERO"); and WARDEN, Detention Facility,<br><br>　　　　Respondents. | Civil Action No. 1:26-cv-10361-MJJ |

**RESPONDENTS' RESPONSE TO**
**PETITION FOR WRIT OF HABEAS CORPUS**

Respondents, by and through their attorney, Leah B. Foley, United States Attorney for the District of Massachusetts, submit this response to Petitioner Domingo Tot Quip's Petition for Habeas Corpus. Doc. No. 1. As explained by U.S. Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO") Acting Assistant Field Office Director Brian E. Sullivan, Petitioner is no longer in ICE custody as he was inadvertently removed to his country of citizenship, Guatemala, on January 28, 2026. Exhibit A, ¶ 14.

ICE ERO Boston recognizes that Petitioner should not have been removed from the United States as he was not subject to a final order of removal and therefore ICE has initiated the process to return Petitioner to the United States. *Id.*, ¶¶ 15, 24. Petitioner must provide ICE with a Guatemalan passport to facilitate his return to the United States. *Id.*, ¶ 24. Once ICE receives

Petitioner's passport, it will complete a parole application and coordinate a return flight to the United States at the government's expense. *Id.*, ¶¶ 15-16, 24.

## BACKGROUND

Petitioner was arrested by ICE officers in Portland, Maine on or about January 21, 2026. *Id.*, ¶ 11. Upon his arrest, ICE misidentified Petitioner as "Subject A." *Id.*, ¶¶ 6, 11. Subject A had a final order of removal, and ICE, believing Petitioner to be Subject A, therefore incorrectly believed Petitioner had a final order of removal. *Id.*, ¶ 11. After Petitioner's arrest in Portland, Maine, ICE officers transferred Petitioner to the hold room at the ICE Boston Field Office in Burlington, Massachusetts. *Id.*, ¶ 12. On January 23, 2026, ICE transferred Petitioner from Massachusetts to Alexandria, Louisiana to stage for removal. *Id.*, ¶ 13. On January 28, 2026, ICE removed Petitioner to Guatemala. *Id.*, ¶ 14.

Petitioner, through counsel, filed his Petition challenging his arrest without access to a bond hearing on January 26, 2026. Doc. No. 1. ICE received notice of the Petition and the Court's Order prohibiting transfer or removal from the United States on January 27, 2026. Exh. A, ¶ 5. ICE was unable to identify Petitioner based only on the name and birthdate provided in the Petition because Petitioner's name and birthdate were not an exact match to any of the aliens listed in ICE's records regarding arrests conducted on the arrest date. *Id.*, ¶ 6. Between January 27 and February 6, ICE continued to make attempts to determine Petitioner's identity. *Id.*, ¶ 7. ICE requested a photograph of Petitioner from his counsel, and after receiving and reviewing that photograph on February 6, ICE determined that Petitioner and Subject A were not the same person. *Id.*, ¶ 9. ICE then determined that Petitioner did not have a final order of removal and that Petitioner's arrest by ICE was his first encounter with immigration officials after entering the United States without inspection. *Id.*, ¶ 11.

2

After ICE determined Petitioner was inadvertently removed, ICE began the process to have Petitioner returned to the United States. *Id.*, ¶ 15. To facilitate Petitioner's return, ICE intends to parole Petitioner into the United States. *Id.*, ¶ 16. To do so, ICE needs to complete an application for parole, and to complete such application, ICE needs personal information from Petitioner, including his Guatemalan passport number. *Id.*

To obtain this information, ICE's attaché in Guatemala, in coordination with the U.S. Embassy in Guatemala, assigned investigators to locate Petitioner who was known only to be living in rural Guatemala. *Id.*, ¶ 18. The investigators located Petitioner and ICE then coordinated communication between Petitioner and Petitioner's counsel. *Id.*, ¶ 19. After learning that Petitioner wanted to return to the United States, ICE requested a copy of Petitioner's Guatemalan passport as his passport number is required for competition of the parole application. *Id.*, ¶ 20. Petitioner's counsel reported to ICE that Petitioner previously had a Guatemalan passport, but after his arrest by ICE, he no longer was in possession of it. *Id.*, ¶ 21. ICE completed a thorough search of property records and determined that Petitioner's passport was not in ICE's possession. *Id.*, ¶ 22. ICE's records indicate that Petitioner's personal property was sent with him from Massachusetts to Louisiana, and his personal property was sent with him on the removal flight to Guatemala. *Id.* According to ICE, it is customary for personal property for aliens removed to be given to the Guatemalan government at arrival. *Id.*

Once ICE obtains Petitioner's passport information, ICE intends to expedite the processing of the parole application—a process that typically takes 30 days, but ICE believes will be completed in approximately 7 days. *Id.*, ¶ 16. ICE will then coordinate a return flight (at government expense) to the United States, a process which requires coordination between ICE, the U.S. Embassy in Guatemala, the Government of Guatemala, and Petitioner. *Id.*

ICE has explored the option of a laissez-passe in lieu of requiring Petitioner to obtain a Guatemalan passport; however, the U.S. Embassy has advised ICE that the Government of Guatemala will not allow this type of pass and requires a passport for Petitioner to leave the country and enter the United States. *Id.*, ¶ 23. ICE further conveyed to Petitioner's counsel that that Petitioner must obtain a Guatemalan passport for the parole application to be completed, and that, if he provides confirmation that he filed a passport application, then the U.S. Embassy would work with the Government of Guatemala to have the passport application expedited. *Id.*

ICE understands the gravity of the inadvertent removal and is working diligently to rectify this error while complying with all rules and regulations to facilitate Petitioner's return to the United States. *Id.*, ¶ 24. At present, ICE cannot move forward with Petitioner's return until he completes the application for a passport with the Government of Guatemala. *Id.*

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Dated: April 30, 2026          By:   */s/ Mark Sauter*

Mark Sauter
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
Tel.: 617-748-3347
Email: mark.sauter@usdoj.gov

## CERTIFICATE OF SERVICE

I, Mark Sauter, Assistant United States Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: April 30, 2026          By:   */s/ Mark Sauter*
                                      Mark Sauter
                                      Assistant United States Attorney